**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**FORD ANDREWS,**

        **Plaintiff,**

        **v.**                                                    **Civil Action No. 3:23cv264**

**RB-HRIP RICHMOND**
**MULTIFAMILY LLC,**

        **Defendant.**

## MEMORANDUM OPINION

This matter comes before the court on Defendant RB-HRIP Richmond Multifamily LLC's ("RB-HRIP") Motion for Summary Judgment (the "Motion").[1] (ECF No. 36.) On October 24, 2024, Plaintiff Ford Andrews responded in opposition, (ECF No. 39), and RB-HRIP replied, (ECF No. 40).

The matter is ripe for disposition. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid in the decisional process.

For the reasons articulated below, the Court will grant the Motion for Summary Judgment and will dismiss this action against RB-HRIP without prejudice. (ECF No. 36.)

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system.

## I. Factual and Procedural Background

This cases arises out of Mr. Andrews's April 20, 2021 arrest by U.S. Marshals made at his residence pursuant to a warrant for felony extortion and other offenses. (ECF No. 20 ¶¶ 17, 21–22, 30, 37–39.) The sole remaining defendant in this action is RB-HRIP.[2]

### A.    Factual Background[3]

As a threshold matter, and relevant to the Court's recitation of facts relevant to the Motion at bar, Mr. Andrews's Opposition violates Local Civil Rule 56(B). This Rule provides:

> **(B) Summary Judgment – Listing Of Undisputed Facts:** Each brief in support of a motion for summary judgment shall include a specifically captioned section listing all material facts as to which the moving party contends there is no genuine issue and citing the parts of the record relied on to support the listed facts as alleged to be undisputed. A brief in response to such a motion shall include a specifically captioned section listing all material facts as to which it is contended that there exists a genuine issue necessary to be litigated **and citing the parts of the record relied on to support the facts alleged to be in dispute.** In determining a motion for summary judgment, the Court may assume that facts identified by the moving party in its listing of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.

---

[2] On January 10, 2024, the Court dismissed this case without prejudice as to Defendant HRI Management, LLC because Mr. Andrews failed to timely serve HRI Management, LLC. (ECF No. 30, at 1.) On October 17, 2024, the Court dismissed this case without prejudice as to Defendants Warren M. Huddleston and R. Craig Brown because Mr. Andrews failed to timely serve them. (ECF No. 38, at 1–2.)

[3] When considering a motion for summary judgment, a court views the evidence and reasonable inferences drawn therefrom in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Whether an inference is reasonable must be considered in conjunction with competing inferences to the contrary. *Sylvia Dev. Corp. v. Calvert Cnty.*, 48 F.3d 810, 818 (4th Cir. 1995).

"To overcome a motion for summary judgment, . . . the nonmoving party 'may not rely merely on allegations or denials in its own pleading' but must 'set out specific facts showing a genuine issue for trial.'" *The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010) (quoting Fed. R. Civ. P. 56(e)).

E.D. Va. Local Civ. R. 56(B) (second emphasis added).  In his Opposition, Mr. Andrews lists fourteen purported material facts that he says involve a "genuine issue necessary to be litigated." (*See* ECF No. 39, at 3 (labeling two consecutive purported material facts as "3", which the Court will reconstrue as 3(A) and 3(B)).)  In violation of Local Civil Rule 56(B), Mr. Andrews fails to "cit[e] the parts of the record relied on to support the facts alleged to be in dispute."  E.D. Va. Local Civ. R. 56(B).  While it is arguable that "the method of entry into the apartment" relates to Mr. Andrews's theory of the case, nothing—even read favorably—creates a reasonable inference that *RB-HRIP* owed a contractual obligation to Mr. Andrews, so even that single "material fact" would not change this Court's decision.

Furthermore, none of these facts reference RB-HRIP or are material to the sole remaining claim in this action, breach of contract.  Rather, each purported material fact relates to alleged conduct by either Mr. Andrews, law enforcement, or state prosecutors.  (ECF No. 39, at 3.)

As required by Local Civil Rule 56(B), RB-HRIP's supporting brief contains a separate section that delineates the material facts it believes are not in dispute and cites to the parts of the record relied on to support these facts,  (*See* ECF No. 36-1, at 4–5.)  "Because [Mr. Andrews] has not properly supported any of [his] factual assertions, the Court will proceed by considering [RB-HRIP's] facts undisputed for purposes of the [M]otion and analyze whether [RB-HRIP] is entitled to summary judgment based on those undisputed facts."  *Anglinmatumona v. Micron Corp.*, No. 1:11-cv-572 (AJT), 2012 WL 1999489, at *4 (E.D. Va. June 4, 2012) (citing Fed. R. Civ. P. 56(e)(2)–(3) and E.D. Va. Local Civ. R. 56(B)).

3

1.      <u>**The Lease Agreement between William Mark Dunn and RB-HRIP**</u>

On May 18, 2017, an Apartment Lease Contract (the "Lease Agreement") was executed between William Mark Dunn[4] and Miller and Rhoads Residential Condominium, LLC. (*See* ECF No. 36-2, ("Pigott Aff."), at 4–10, ("Pigott Aff. Ex. A", or the "Lease Agreement").[5] Mr. Dunn signed the Lease Agreement in June 2017. (Pigott Aff. Ex. A, at 6.) The Lease Agreement lists Mr. Andrews as an *occupant*, but he is not listed as a party to Agreement, and, accordingly, he did not sign the document. (Pigott Aff. Ex. A, at 1, 6.)[6] In the Lease Agreement, Mr. Dunn rented Apartment 602 in the Miller & Rhoads Apartments. (Pigott Aff. Ex. A, at 1.)[7]

Over two years later, on October 10, 2019, RB-HRIP acquired Miller & Rhoads Apartments. (Pigott Aff. ¶ 5.) As part of this acquisition, "the Lease Agreement was assigned to RB-HRIP", rendering it "the landlord under the Lease Agreement." (Pigott Aff. ¶ 6.)

2.      **The Property Management Agreement Between RB-HRIP and HRI** <u>**Management, LLC**</u>

On the same day as its acquisition of Miller & Rhoads Apartments, October 10, 2019, RB-HRIP also executed a Property Management Agreement with HRI Management, LLC,

---

[4] Mr. Dunn is also Mr. Andrews's counsel in this action. This gives the Court pause. Under Virginia Rule of Professional Conduct 3.7(a), "[a] lawyer shall not act as an advocate in an adversarial proceeding in which the lawyer is likely to be a necessary witness."

[5] The Lease agreement provides: "This Lease Contract . . . is between *you*, the resident(s) (*list all people signing the Lease Contract)*: **William Mark Dunn**[,] and *us*, the owner, **Miller and Rhoads Residential Condominium, LLC.**" (Pigott Aff. Ex. A, at 1 (emphasis in original).)

[6] In his Opposition, Mr. Andrews does not contest that he was an "occupant under the terms of the Lease." (ECF No. 39, at 1.)

[7] In support of its Motion, RB-HRIP writes that "Mr. Dunn rented Apartment **603** in the Miller & Rhoads Apartments." (ECF 36-1, at 4 (emphasis added).) The Lease Agreement contradicts this assertion, as it references "Apartment No. **602**." (Pigott Aff. Ex. A, at 1

("HRI Management" or "HRI").[8]  (Pigott Aff. Ex. B, at 4.)  The Property Management

Agreement identifies HRI Management as RB-HRIP's "sole and exclusive managing agent for

the Miller & Rhoads Apartments . . . on an independent contractor basis and not as an employee

of [RB-HRIP] to lease and manage the [Miller & Rhoads Apartments]."  (Pigott Aff. Ex. B, at 4.)

The Property Management Agreement further provides that "[a]ll personnel stationed at the

[Miller & Rhoads Apartments] and who perform work necessary for the management,

maintenance, and operation of [those apartments] shall be deemed employees of [HRI

Management] or are contract service providers and are not employees of [HB-HRIP]."  (Pigott

Aff. Ex. B, at 13.)  The Property Management Agreement gives HRI "the authority to hire,

supervise, discharge[,] and pay all employees and contractors or other personnel necessary to

maintain and operate the [Miller & Rhoades Apartments]."  (Pigott Aff. Ex. B, at 13.)  Because

HRI "is engaged independently in the business of managing properties on its own behalf," the

Property Management Agreement notes, "all employment arrangements and obligations are

therefore solely [HRI Management's] concern."  (Pigott Aff. Ex. B, at 13.)

### 3.    RB-HRIP Never Employed Kimberly Sauer

On April 20, 2021, Kimberly Sauer[9] was employed by HRI. (ECF No. 20 ¶¶ 21, 32; ECF

No. 36-1, at 5 (listing Ms. Sauer's April 20, 2021 employment status with HRI as a fact to which

there is no genuine issue to be tried, and citing to the Amended Complaint for this proposition).)

_____

(emphasis added).)  The Court construes RB-HRIP's reference to Apartment 603 to be a
scrivener's error.

[8] As stated above, the Court dismissed HRI Management from this action on January 10,
2024.  (ECF No. 30, at 1.)

[9] Mr. Andrews occasionally refers to her as Kimberly "Sawyer."  (ECF No. 39, at 2.)
The Court utilizes the spelling above based on the record.

"On April 20, 2021, [Ms.] Sauer was not an employee of RB-HRIP . . . as such entity has never

had any employees." (Pigott Aff. ¶ 9.)

### B.    Procedural History

On April 19, 2023, Plaintiff Ford Andrews filed his initial complaint. (ECF No. 1.) On

September 6, 2023, Mr. Andrews filed an Amended Complaint listing the following four

defendants: (1) Detective R. Craig Brown, (2) Lieutenant Warren M. Huddleston, (collectively,

the "Individual Defendants"), (3) RB-HRIP, and (4) HRI Management. (ECF No. 20, at 1.)

In the Amended Complaint, Mr. Andrews asserts three causes of action:

| | |
|---|---|
| **Count I:** | **Unlawful Entry** (contending that "the U.S. Marshals Task Force's entry into [Mr. Andrews's] apartment" violated the Fourth Amendment). |
| **Count II:** | **Excessive Force** (contending that "the force used to arrest (seize) [Mr. Andrews] was constitutionally unreasonable" in violation of the Fourth Amendment.) |
| **Count III:** | **Breach of Contract** (contending that because "[t]he Lease [Agreement] did not authorize [the] landlord to agree to law enforcement's entry", "[Kimberly] Sauer, as the landlord's agent, did not have authority to consent to the search by providing the apartment key to the U.S. Marshal Service.") |

(ECF No. 20, at 6–10.)

The Amended Complaint states that it brings Counts I and II against "all Defendants" and

Count III "against Defendants HRI Management, LLC and RB-HRIP Richmond Multifamily

LLC." (ECF No. 20, at 6–8.) Considering the Amended Complaint in its entirety, it is plain that

Counts I and II are brought against only the Individual Defendants, (Detective R. Craig Brown

and Lieutenant Warren M. Huddleston). The Amended Complaint states *twice* that "[t]his is a

civil action . . . against Defendant *law enforcement officers* for unlawful entry and excessive

force, as well as *a pendent claim* for breach of contract against a landlord," (ECF No. 20 ¶ 1

(emphasis added); *see also* ECF No. 20 ¶ 7 (describing this action as "a civil rights action against law enforcement officers for violation of [Mr. Andrews's] Fourth Amendment rights pursuant to 42 U.S.C. § 1983, as well as a pendent claim against a landlord for breach of contract under 28 U.S.C. § 1367.)  To the extent Mr. Andrews contends otherwise, he is incorrect.  As a result, Counts I and II do not survive the dismissal of the Individual Defendants, leaving Count III as the sole remaining claim in this action.[10]

On September 20, 2023, RB-HRIP filed its Answer to the Amended Complaint.  (ECF No. 25.)[11]  On October 10, 2024, RB-HRIP filed its Motion for Summary Judgment.  (ECF No. 36.)  On October 24, 2024, Mr. Andrews filed his Opposition to the Motion for Summary Judgment.  (ECF No. 39.)[12]  RB-HRIP replied on October 31, 2024.  (ECF No. 40.)

---

[10] Plaintiffs who are represented by legal counsel do not receive the benefit of liberal construction of complaints.  *See Kerr v. Marshall Univ. Bd. of Governors*, 824 F.3d 62, 72 (4th Cir. 2016).  As the United States Court of Appeals for the Fourth Circuit explained in *Beaudett v. City of Hampton*, ideally a court can expect those trained in law "to frame legal issues with [] clarity and precision[,] [but] district courts [cannot] be required to conjure up and decide issues never fairly presented to them."  775 F.2d 1274, 1276 (4th Cir. 1985).

Nonetheless, even if Mr. Andrews had properly brought Counts I and II against RB-HRIP, they would both require dismissal as a matter of law because it is undisputed that RB-HRIP is a private business entity rather than an agency or instrumentality of any government.  (*See* Pigott Aff. ¶ 3.)  The "Fourth Amendment "'proscrib[es] only governmental action.'"  *United States v. Richardson*, 607 F.3d 357, 364 (4th Cir. 2010) (brackets in original) (quoting *United States v. Jacobsen*, 466 U.S. 109, 113 (1984)).

[11] On January 10, 2024, the Court dismissed Defendant HRI Management from this action without prejudice due to lack of proper service.  (ECF No. 30, at 1.)  On October 17, 2024, the Court dismissed Defendants Warren M. Huddleston and R. Craig Brown from this action without prejudice due to lack of proper service.  (ECF No. 38, at 1–2.)  RB-HRIP is the sole remaining defendant.

[12] On October 25, 2024, the Clerk docketed a Notice of Correction regarding the Opposition, stating:  "Document is missing an electronic signature. Filing attorney reminded to use the nine element signature block format when filing documents. Clerk to replace document once the corrected version is received."  To date, Mr. Andrews has failed to file a corrected version of the Opposition.

## II.  Standard of Review:  Summary Judgment

"To overcome a motion for summary judgment, . . . the nonmoving party 'may not rely merely on allegations or denials in its own pleading' but must 'set out specific facts showing a genuine issue for trial.'" *The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010) (quoting Fed. R. Civ. P. 56(e)).  To support a factual position, a party must cite to particular parts of the evidentiary record.  *See* Fed. R. Civ. P. 56(c).[13]  If the nonmoving party fails to properly support an assertion of fact as required by Rule 56(c), the Court may "(1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or

_____

[13] Federal Rule of Civil Procedure 56 provides, in pertinent part:

(c) Procedures.

(1) *Supporting Factual Positions*.  A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

(2) *Objection That a Fact Is Not Supported by Admissible Evidence*.  A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

(3) *Materials Not Cited*.  The court need consider only the cited materials, but it may consider other materials in the record.

Fed. R. Civ. P. 56(c).

(4) issue any other appropriate order." Fed. R. Civ. P. 56(e). "In determining a motion for summary judgment, the Court may assume that facts identified by the moving party in its listing of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion." E.D. Va. Local Civ. R. 56(B).

Summary judgment under Federal Rule of Civil Procedure 56[14] is appropriate only when the Court, viewing the record as a whole and in the light most favorable to the nonmoving party, determines that there exists no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986). Once a party has properly filed evidence supporting the motion for summary judgment, the nonmoving party may not rest upon mere allegations in the pleadings, but instead must set forth specific facts illustrating genuine issues for trial. *Celotex Corp.*, 477 U.S. at 322–24. These facts must be presented in the form of stipulations, exhibits, and sworn affidavits or declarations. Fed. R. Civ. P. 56(c).[15] Moreover,

---

[14] Rule 56(a) provides:

(a) MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT. A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

Fed. R. Civ. P. 56(a).

[15] Rule 56(c) states, in pertinent part:

(c) PROCEDURES.

(1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

the facts offered by a sworn declaration must also be in the form of admissible evidence, meaning the statements in the sworn declaration "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Therefore, "summary judgment affidavits cannot be conclusory or based upon hearsay." *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1996) (internal citations omitted).

A court views the evidence and reasonable inferences drawn therefrom in the light most favorable to the nonmoving party. *Anderson*, 477 U.S. at 255. Whether an inference is reasonable must be considered in conjunction with competing inferences to the contrary. *Sylvia Dev. Corp. v. Calvert Cty.*, 48 F.3d 810, 818 (4th Cir. 1995). Nonetheless, the nonmoving "party is entitled 'to have the credibility of [its] evidence as forecast assumed.'" *Miller v. Leathers*, 913 F.2d 1085, 1087 (4th Cir. 1990) (en banc) (quoting *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)). However, "'there is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party . . . upon whom the *onus* of proof is imposed.'" *Anderson*, 477 U.S. at 251 (quoting *Improvement Co. v. Munson*, 81 U.S. (14 Wall.) 442, 448 (1872) (emphasis in original)). Thus, the nonmoving party must rely on more than conclusory allegations, "mere

---

> (A) citing to particular parts of materials in the record, including depositions, documents, . . . affidavits or declarations, stipulations (including those made for purposes of the motion only), . . . or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c).

speculation," the "building of one inference upon another," the "mere existence of a scintilla of evidence," or the appearance of "some metaphysical doubt." *Anderson*, 477 U.S. at 252; *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002); *Tao of Sys. Integration, Inc. v. Analytical Servs. & Materials, Inc.*, 330 F. Supp. 2d 688, 671 (E.D. Va. 2004)).

At this stage, the Court is tasked with assessing whether a plaintiff "has proffered sufficient proof, in the form of *admissible* evidence, that could carry the burden of proof of his claim at trial." *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993) (emphasis added). As a general rule, a non-movant must respond to a motion for summary judgment with affidavits or other verified evidence. *Celotex Corp.*, 477 U.S. at 324. Further, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007). Ultimately, the court must adhere to the affirmative obligation to bar factually unsupportable claims from proceeding to trial. *Felty v. Graves–Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (citing *Celotex Corp.*, 477 U.S. at 323–24).

### III.  Analysis

Defendant RB-HRIP moves for summary judgment on the sole claim against it:  breach of contract (Count III).  For the reasons articulated below, even viewing the record as a whole and in the light most favorable to Mr. Andrews, this claim fails.  Mr. Andrews identifies no admissible evidence that would allow a reasonable inference that RB-HRIP breached any contract with Mr. Andrews.

### A.    Mr. Andrews Does Not Present a Genuine Issue of Material Fact Sufficient to Sustain a Claim for Breach of Contract against RB-HRIP

#### 1.    Legal Standard: Breach of Contract

A contract is "[a]n agreement between two or more persons which creates an obligation to do or not to do a particular thing." *Buchanan v. Doe*, 431 S.E.2d 289, 292 (Va. 1993) (brackets in original) (quotation marks and citation omitted).  To establish a breach of contract claim under Virginia law, a plaintiff must show:  "'(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation.'" *Shuler v. Partner JD*, No. 3:15cv70 (HEH), 2015 WL 5020898, at \*4 (E.D. Va. Aug. 20, 2015) (quoting *Filak v. George*, 594 S.E.2d 610, 619 (Va. 2004)).

#### 2.    Mr. Andrews Has Created No Genuine Dispute as to Whether a Contract Exists Between Him and RB-HRIP

Mr. Andrews predicates his breach of contract claim on a purported violation of the Lease Agreement.  (ECF No. 20 ¶ 72.)  He alleges that this breach occurred as a result of Kimberly Sauer[16] cooperating with law enforcement by giving "the key to [his] apartment to the police."  (ECF No. 20 ¶ 83.)  As a threshold matter, and fatal to this claim, Mr. Andrews fails to show "a legally enforceable obligation of [RB-HRIP] to [him]." *Shuler*, 2015 WL 5020898, at \*4.  The undisputed record shows that there was no contract between RB-HRIP and Mr. Andrews.  Rather, the Lease Agreement, which was assigned to RB-HRIP on October 10, 2019, (Pigott Aff. ¶¶ 5–6), was executed between William Mark Dunn and Miller & Rhoads

---

[16] It is undisputed that on the day of Mr. Andrews's arrest, Ms. Sauer was employed by HRI, not RB-HRIP.  (ECF No. 20 ¶¶ 21, 32; ECF No. 36-1, at 5; Pigott Aff. ¶ 9.)

Residential Condominium, LLC. (*See* Pigott Aff. Ex. A, at 1.)[17] The Lease Agreement lists Mr. Andrews as an *occupant*, but he is not listed as a party to Lease Agreement; unsurprisingly, because he was not a party to the Lease Agreement, he also did not sign the document. (Pigott Aff. Ex. A, at 1, 6.)

The Virginia Residential Landlord and Tenant Act defines an authorized occupant as "a person entitled to occupy a dwelling unit with the consent of the landlord, but who has not signed the rental agreement and therefore does not have the financial obligations as a tenant under the rental agreement." *See* Va. Code § 55.1-1200. Because Mr. Andrews was listed only as an occupant in the Lease Agreement, and was not himself a party to the Lease Agreement, there was no offer and acceptance supported by valid consideration between RB-HRIP and Mr. Andrews. As a result, no valid contract ever existed between the two, and Mr. Andrews's claim for breach of contract fails as a matter of law.[18] *See Shuler*, 2015 WL 5020898, at *4.

In his Opposition, Mr. Andrews writes that RB-HRIP "is the owner of the property at issue" and is somehow liable under contract law where it "employed the property manager [Kimberley Sauer] to be its on-site manager." (ECF No. 39, at 2.) This assertion is not

---

[17] The Lease agreement provides: "This Lease Contract . . . is between *you*, the resident(s) (*list all people signing the Lease Contract):* **William Mark Dunn**[,] and *us*, the owner, **Miller and Rhoads Residential Condominium, LLC**." (Pigott Aff. Ex. A, at 1 (emphasis in original).)

[18] RB-HRIP provides additional argument in its briefing arguing that "[t]o the extent that [Mr. Andrews's] allegations can be construed as asserting a direct liability claim against RB-HRIP based in tort, that claim also fails as a matter of law." (ECF No. 36-1, at 8.) RB-HRIP also argues that "[t]o the extent that Plaintiff's allegations can be construed as asserting a vicarious liability claim against RB-HRIP based on *respondeat superior*, that claim also fails as a matter of law." (ECF No. 36-1, at 9.) The Court need not, and does not, address these arguments, because Mr. Andrews does not bring any tort claim against RB-HRIP.

Although Mr. Andrews cursorily contends in his Opposition that RB-HRIP is responsible for his alleged injuries suffered "both in tort and contract breach", (ECF No. 39, at 2), "[i]t is

supported by the undisputed record.  On April 20, 2021, Kimberly Sauer was employed by HRI. (ECF No. 20 ¶¶ 21, 32; ECF No. 36-1, at 5 (listing Ms. Sauer's April 20, 2021 employment status with HRI as a fact to which there is no genuine issue to be tried, and citing to the Amended Complaint for this proposition).)  "On April 20, 2021, [Ms.] Sauer was not an employee of RB-HRIP . . . as such entity has never had any employees."  (Pigott Aff. ¶ 9.)  It remains undisputed in the record that Ms. Sauer was not an employee of RB-HRIP on the day of Mr. Andrews's April 20, 2021 arrest.  Mr. Andrews does not identify, nor can the Court discern, any basis in the law that would support a contractual duty owed by RB-HRIP to Mr. Andrews under the Lease Agreement stemming from HRI's employment of Ms. Sauer.

### IV.  Conclusion

Even viewing the record as a whole and in the light most favorable to Mr. Andrews, Mr. Andrews has failed to adduce evidence that would create a genuine dispute of a material fact regarding his claim for breach of contract against RB-HRIP.  For the foregoing reasons, the Court will grant the Motion for Summary Judgment.  (ECF No. 36.)

An appropriate Order shall issue.

Date: 4/16/25
Richmond, Virginia

_____/s/_____
M. Hannah Lauck
United States District Judge

---

well-established that parties cannot amend their complaints through briefing."  *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013).  No tort action stands before the Court.